United States v. McDonald is our next case for argument today. Ms. Christensen. Good morning, Your Honors. May it please the Court. My name is Joanna Christensen, and I represent the appellant, Glenn McDonald, in this case. The District Court imposed a de facto life sentence without adequately considering the likelihood that Mr. McDonald will die in prison. The Court failed to note or give due consideration to Mr. McDonald's age of 64 years. Ms. Christensen, let me tell you what my problem with your argument is. The whole structure of your argument assumes that the older the offender, the greater the sentencing discount to which he is entitled. Why are older offenders entitled to sentencing discounts? Older offenders, per se, are not entitled to a discount, so I'm certainly not making an argument that a lot of the... But the older... Ms. Christensen, the argument you're making is that the older the offender, the more likely it is that he will die in prison if he gets a perfectly normal sentence. And that's an argument for a sentencing discount. We also often hear arguments that younger offenders are entitled to sentencing discounts because they're not mature enough. And I have a great deal of problem with the proposition that the young are entitled to discounts relative to the old, and the old are entitled to discounts relative to the young. That just doesn't work. The only factor in this case is not his age. It's also his medical condition. So it's the individualized circumstances of each defendant's entire case. If it was just that Mr. McDonald was 64 years old, then it wouldn't... I'm sorry, I believe I lost Judge Hamilton. Should I continue? Oh, there... I'm sorry. It's not just his age. It's also his medical condition and... This is one of the technical glitches. We try to overcome them, but they're inevitable in these things. I dropped out for about 10 seconds in one case. I'm sure that Judge St. Eve's face will vanish for 10 seconds later, but we're doing fine as a whole. Good. I didn't want anybody to miss anything. I know it's very important and you're gripped. But it's not just an age argument. And certainly if the argument had not been made in the district court, or if Mr. McDonald didn't have these additional problems, we wouldn't be here making the argument. My point is... Ms. Richardson, why wasn't it sufficient that district court specifically said, I've considered your age and your medical conditions and the individualized difficulties that a term of custody that I'm required to impose will have for you. Why isn't that sufficient to indicate that the court did consider your arguments about age and medical conditions? I think the first reason is that that's a rote consideration without mentioning the very specific arguments that defense counsel made about his age and medical conditions. But where have we ever said that a district court needs to do more than just acknowledge the arguments? That a district court needs to go into some kind of depth about the specificity that you're raising? This court has said many times that death in prison should not be ordered lightly. So when we are talking a defendant, and a sentence where a defendant will likely die in prison, I think more is needed. And in Wersinger, the court did say that it should not be ordered lightly. So this sentence from the district court is what I would consider a light determination. The word sentence, not the incarceration sentence, is a very simple answer to a much bigger problem. And when the court is ordering a sentence that will result in the defendant's death in prison, there should be more. There should be an individualized determination that his specific circumstances will be accounted for by the court, have been accounted for by the court. And why a sentence of 13 years is more appropriate than a sentence of five years when it comes to a defendant who's likely to die while in prison on a 13-year sentence. Sentences that order a defendant to die in prison are typically reserved for the most incredible crimes or the most horrendous offenders, those who commit those horrendous crimes or have a high risk of recidivism or high criminal history. Mr. McDonald had neither of these in this case. He had no criminal history, and he had such a low risk of recidivism, he was on release for five years after the offense was discovered, even before he was indicted and committed no other criminal offenses. The court should have considered how this sentence would impact Mr. McDonald specifically and resulting in death in prison is a sentence that the court should not order by simply saying I've considered your age and medical conditions. The cases cited by the government are precisely those cases that require a sentence would essentially be de facto life in prison. They are cases that involve production of child pornography, not mere distribution. And while distribution is a serious offense, of course, production of the child pornography is much more serious than distribution is. Congress created tiers of sentencing levels and child pornography cases. The only tiers that get you to a life sentence are those where the defendant had two prior convictions and or I suppose someone died as a result of the offense. That is not the situation we have here. I see that I'm nearly in my rebuttal and I will reserve the rest of my time and urge this court to reverse the remand for resentencing for the district court to consider the likelihood that Mr. McDonald will die in prison with a 13-year sentence. Thank you. Thank you, Ms. Christensen. Mr. Kelly. May it please the court. The district court's within guidelines 156-month sentence was subsequently reasonable. It was adequately supported by the district court's reasoning and that reasoning was fully consistent with the 3553A factors. The district court focused on seriousness of the offense as well as the specifics of this defendant. Defendant possessed thousands of images and videos of child pornography. Among that collection were videos of toddlers and babies being raped by adult men. It was a serious offense. Further, defendant through his conduct empirically demonstrated that he had a compulsive urge to seek out sexual contact with young children. He demonstrated that by photographing the children of his neighbors. He also demonstrated that by making statements where he described coming up with a ruse that allowed him to get alone with the babies of friends under the cover of changing diapers. A within guidelines sentence is perfectly reasonable to punish this conduct and to deter similar conduct. Defendant has argued that his age warrants a lesser sentence, but defendant's own conduct undermines this argument. Defendant committed this offense at the age of 58 years old. It's a type of offense, child pornography, possession, and transportation that he could commit at any age so long as he had access to internet. Defendant's own conduct shows that sex offenses are not like violent crimes or firearm offenses when it comes to recidivism. Rather, recidivism does not crop with age for sex offenders. The Second Circuit made that observation in the Hayes case, which is cited in the government's brief. Defendant argues that this amounts to a de facto life sentence. The government does not concede that's the case, but even if it were, the sentence would still be entitled to a presumption of reasonableness because it's a within guidelines sentence. And under the specific facts of this case, it is a fair sentence. The government therefore respectfully requests that this court affirm this within guidelines sentence, which was adequately supported by the district court's 3553A considerations. Unless there are questions, I cede the remainder of my time. Thank you, counsel. Anything further? Ms. Christensen? Yes, Your Honor. I'd like to address the idea that Mr. McDonald had a compulsive urge to seek out reoffending essentially as the government's argument. If such a compulsive urge existed, he would not have been successful in pretrial release for five years. That is an awful long time to test this defendant's risk of recidivism. The district court certainly trusted him long enough to do that with no indications that he would offend at any time during those five years. He did go to treatment during that time and address those compulsive urges. This is a serious offense. I am not trying to get away from the facts of this offense. Mr. McDonald pled guilty and admitted to them. However, it is not the most serious offense that warrants a sentence of life in prison or Mr. McDonald to die in prison for his offense. Unless this court has further questions, I'll again ask the court to reverse and remand for resentencing. Thank you. Thank you, Ms. Christensen. The case is taken under advisement.